FILE COPY

Judge Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

07 CV 11559

CLIFFORD FOSTER, JR.,

                Plaintiff,

       - against -

HARD ROCK CAFE, INC.

                Defendant.

-------------------------------------------------------------- x

: Case No.
:
: **NOTICE OF REMOVAL**

RECEIVED DEC 26 2007 U.S.D.C. S.D.N.Y. CASHIERS

TO THE HONORABLE JUDGES FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Defendant Hard Rock Cafe International (USA) Inc. (incorrectly sued herein as Hard Rock Cafe, Inc.) (referred to as the "Defendant"), by and through undersigned counsel, for the purpose of removing this case pursuant to 28 U.S.C. § 1441(a), respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1441 and § 1446. Defendant removes this action to the United States District Court for the Southern District of New York, which is the judicial district in which the action is pending, on the basis of diversity of citizenship (28 U.S.C. § 1332). Defendant respectfully submits the following statement of grounds for removal together with a copy of all processes, pleadings, and other papers in this action.

1. <u>State Court Action</u>.  Upon information and belief, on or about November 5, 2007, Plaintiff Clifford Foster, Jr. ("Plaintiff") filed suit for relief in the Supreme Court of the State of New York, New York County, in the matter proceeding as Index No. 114837/07. Copies of all process, pleadings, and papers in this action, consisting of the Complaint, are attached hereto as Exhibit A.

2. <u>Federal Court Jurisdiction</u>.   Pursuant to provisions of Section 1441 and 1446 of Title 28 of the United States Code, the grounds for removal of this action are:

   a. Diversity of Citizenship:

   i. Plaintiff is an individual that is a citizen of the State of New York;

   ii. Defendant Hard Rock Cafe International (USA) Inc. (incorrectly sued herein as Hard Rock Cafe, Inc.) is a corporation organized and incorporated under the laws of the State of Florida, with its principal place of business in Orlando, Florida, and is not a citizen of the State of New York.

   iii. More than $75,000 exclusive of interest and costs is in controversy in this action.

3. <u>Timely Removal</u>.   This Notice is timely under 28 U.S.C. § 1446(b). Defendant was served with Plaintiff's initial papers (Complaint) in this action on November 26, 2007. Thus, this Notice of Removal is filed within 30 days of service of the Complaint and is timely filed under 28 U.S.C. § 1446(b). Accordingly, removal to this Court is appropriate and proper pursuant to 28 U.S.C. §§ 1441 and 1446. Therefore, this Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1331 and 1332 if the action had originally been brought in federal court. Removal is, therefore, proper under 28 U.S.C. § 1441(a).

4. <u>Notice to Plaintiff in State Court</u>.   Promptly upon filing this Notice of Removal with this Court, Defendant shall give written notice hereof to Plaintiff by service to his counsel and shall file and serve on the Clerk of the Supreme Court of the State of New York, New York County, a copy of this notice. A true and correct copy of the aforesaid written notice is attached hereto as Exhibit B.

5. <u>Relief Requested</u>.   Defendants respectfully give notice that this action is to be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.  Defendants do not waive any defense that may be available to them.

WHEREFORE, Defendants hereby remove this action now pending in the Supreme Court of the State of New York, New York County, to this Court.

Dated: New York, New York
       December 24, 2007

GREENBERG TRAURIG, LLP

By: _____
Brian S. Cousin (BS-5386)

MetLife Building
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

Attorneys for Defendant
Hard Rock Cafe International (USA) Inc.

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------X
CLIFFORD FOSTER, JR.,

          Plaintiff,

   -against-

HARD ROCK CAFE, INC.

          Defendant.
-------------------------------------X

Index No: 07114837
Date Filed: 11-5-07

JURY TRIAL DEMANDED

COMPLAINT

     Plaintiff, Clifford Foster, Jr., by his counsel, the Law Firm of Louis Ginsberg, P.C., alleges for his Complaint as follows:

### NATURE OF ACTION

1.    This action seeks to recover damages for race and color harassment and discrimination, disability harassment and discrimination, violations of New York State Labor Law, retaliation and assault and battery committed by Defendant and its agents against Plaintiff.

### PARTIES

2.    Plaintiff, Clifford Foster, Jr., an African American male, resides at 931 E. 35th St., Brooklyn, New York 11210.

3.    Defendant, Hard Rock Cafe, Inc. ("Defendant" or "Hard Rock") employed Plaintiff. Defendant operates a location located at 1501 Broadway New York, New York 10036. They employ at least four (4) persons.

### FACTS

4.    Plaintiff began his employment with defendant on or about September 9, 2006. At all times herein, plaintiff performed his job competently.

5. Plaintiff was hired as a host and paid the rate of ten ($10.00) per hour.

6. In or about December 2006, plaintiff was trained for about three (3) days in preparation for a transition from the job of host to the job of tour guide. Soon after, plaintiff was assigned to give a tour to a V.I.P. group. Upon information and belief, the tour group enjoyed themselves and said that Mr. Foster was very knowledgeable.

7. Upon information and belief, defendant's pay rate for hosts was ten ($10.00) per hour, while defendant's pay rate for tour guides was twelve ($12.00) per hour.

8. At about the time that plaintiff worked as a tour guide, plaintiff asked Yuri Kulischenko, his supervisor, if he had adjusted plaintiff's pay rate to defendant's tour guide rate of twelve ($12.00) per hour. Yuri Kulischenko assured plaintiff that he would do so.

9. Upon information and belief, Vincent Fanghella and Shantalla Davis, Caucasian tour guides who worked at the same location as plaintiff on or around the same time as plaintiff, both received defendant's twelve dollar ($12.00) starting pay rate for tour guides.

10. Although plaintiff worked as a tour guide, Defendant continued to pay Plaintiff only ten ($10.00) per hour. Upon information and belief, Yuri Kulischenko knowingly denied plaintiff the appropriate pay rate with the intent to harass plaintiff and cause him aggravation because of his race and color.

11. In or about June 2007, Plaintiff spoke to Pamela Gikas, Human Resources Manager for defendant, regarding the discriminatory pay rate and discriminatory treatment he had experienced.

2

12. Upon information and belief, Yuri Kulischenko was upset that plaintiff complained to Human Resources.

13. In or about June 2007, soon after plaintiff called Human Resources to complain about the race discrimination, plaintiff met with Yuri Kulischenko. Yuri Kulischenko stated all you "niggers" want to do is come in here and complain about the pay. Plaintiff asked, are you talking about me? Yuri Kulischenko stated yes you, yeah you, "nigger." Yuri Kulischenko stated to plaintiff during this same meeting, you aren't nothing but a penny, easy "nigger", come easy "nigger" go.

14. Yuri Kulischenko told plaintiff that if he reports him to defendant's corporate offices for his racist comments, then Mr. Foster will be terminated. The following day Mr. Foster reported Yuri Kulischenko to defendant's Human Resources department.

15. In addition, since he was a child, Plaintiff has had Diabetes and needs to regulate his sugar and insulin levels. As such, plaintiff is a "disabled" person under the New York State and City Human Rights Laws because New York's Highest Court has ruled that any "medically diagnosable impairment" is a disability under the New York State Human Rights Law. See Reeves v. Johnson Controls, 140 F3d 144, 154 (1998); and the City standard is even broader. Sacay v. Research Found., 44 F. Supp. 2d 496, 503 (EDNY 1999).

16. In or about July 2007, plaintiff told defendant that he had diabetes and that at times, he needed to eat candy to control his diabetes.

17. Soon after informing defendant of his diabetes, Mr. Foster was written up and sent home early for eating candy. Allowing plaintiff to eat candy while at work was a reasonable accommodation that caused defendant no undue hardship and yet was denied.

3

18. On or around the day when plaintiff was written up for eating candy, plaintiff was also written up for using the bathroom. Prior to going to the restroom, plaintiff had even informed a supervisor that he was going to go to the bathroom. Upon information and belief, Yuri Kulischenko wrote plaintiff up for his bathroom use with the intent to harass plaintiff and cause him aggravation because of his race, color and disability and in retaliation for his complaints of discrimination and pay violations.

19. On or about July 31, 2007, Plaintiff reported Yuri Kulischenko to defendant's corporate offices in Orlando, Florida. Upon information and belief, after learning of plaintiff's complaint, Yuri Kulischenko called plaintiff into David Miller's office. Defendant wrote up plaintiff again. This time the reason given was insubordination. However, there was no explanation given.

20. Moreover, on or about July 31, 2007, defendant terminated Plaintiff's employment.

21. Plaintiff's paycheck was not deposited by direct deposit as it had been previously. On or about August 15, 2007, plaintiff went to defendant to ask for his final pay check.

22. Upon information and belief, Yuri Kulischenko was very angry that plaintiff was asking for his paycheck. Yuri Kulischenko stated to Steven "Doe", among others, get him the "fuck" out of here. Get this "nigger" the "fuck" out of here. Plaintiff objected to the discriminatory and repulsive racial language and said, how dare you call me "nigger". While the racist and discriminatory language was being yelled at plaintiff, Yuri Kulischenko and Steven "Doe" grabbed plaintiff, threw him on the ground, slammed him against a wall and dragged him outside. Defendant's agents' acts of touching, grabbing, slamming and dragging plaintiff without his consent was an assault and battery. As Yuri

4

Kulischenko and Steven "Doe" violently threw plaintiff out the door, Yuri Kulischenko exclaimed "nigger" get the "fuck" out of here. You're not gonna get your "fuckin" pay.

23. Upon information and belief, Yuri Kulischenko knowingly withheld plaintiff's paycheck with the intent to harass plaintiff and cause him aggravation.

24. On or about August 15, 2007, in response to the battery inflicted upon plaintiff and the harassment, Plaintiff called 911 and the New York City Police responded.

25. Defendant and its agents subjected plaintiff to lost pay and benefits, humiliation, embarrassment, mental anguish, and physical injury.

26. Defendant and its agents violated plaintiff's rights under the New York State and New York City Human Rights Laws, the New York State Labor Laws, as well as under the laws of the State of New York. Defendant is liable under the principles of respondeat superior for the acts of its agents and also as an aider and abettor.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST DEFENDANT FOR RACE AND COLOR DISCRIMINATION UNDER STATE LAW

27. Plaintiff incorporates paragraphs 1-26 as if fully rewritten herein.

28. By and through their course of conduct, Defendant and its agents violated the New York State Human Rights Law, §§ 296 et seq. of the Executive Law by harassing plaintiff, by denying him equal pay and by terminating his employment because of his race and color.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST DEFENDANT FOR RACE AND COLOR DISCRIMINATION UNDER CITY LAW

29. Plaintiff incorporates paragraphs 1-28 as if fully rewritten herein.

30. By and through their course of conduct, Defendants and its agents violated the New York City Human Rights Law, §§8-101 *et. seq.* of the New York City Administrative Code by harassing plaintiff, by denying him equal pay and by terminating his employment because of his race and color.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST DEFENDANT FOR DISABILITY DISCRIMINATION UNDER STATE LAW

31. Plaintiff incorporates paragraphs 1-30 as if fully rewritten herein.

32. By and through their course of conduct, Defendant and its agents violated the New York State Human Rights Law, §§ 296 *et. seq.* of the Executive Law by failing to reasonably accommodate Plaintiff and by terminating Plaintiff's employment due to his disability.

### AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST DEFENDANT FOR DISABILITY DISCRIMINATION UNDER CITY LAW

33. Plaintiff incorporates paragraphs 1-32 as if fully rewritten herein.

34. By and through their course of conduct, Defendant and its agents violated the New York City Human Rights Law, §§ 8-101 et seq. of the New York City Administrative Code by failing to reasonably accommodate Plaintiff and by terminating Plaintiff's employment due to his disability.

### AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION AGAINST DEFENDANT FOR RETALIATION UNDER STATE LAW

35. Plaintiff incorporates paragraphs 1-34 as if fully rewritten herein.

36. By and through their course of conduct, Defendant and its agents violated the New York State Human Rights Law, §§296 et. seq. by terminating Plaintiff's employment in retaliation for his complaints of, and in retaliation for his opposition to, the race, color and disability harassment and discrimination.

Nov 15 2007 4:31PM    HP LASERJET FAX                                                    p.9

### AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION AGAINST DEFENDANT FOR RETALIATION UNDER CITY LAW

37. Plaintiff incorporates paragraphs 1-36 as if fully rewritten herein.

38. By and through their course of conduct, Defendant and its agents violated the New York City Human Rights Laws, §§8-101 et. seq. of the N.Y.C. Administrative Code by terminating Plaintiff's employment in retaliation for his complaints of, and in retaliation for his opposition to, the race, color and disability harassment and discrimination.

### AS AND FOR PLAINTIFF'S SEVENTH AND EIGHTH CAUSES OF ACTION AGAINST DEFENDANT FOR ASSAULT AND BATTERY UNDER STATE LAW

39. Plaintiff incorporates paragraphs 1-38 as if fully rewritten herein.

40. By and through their course of conduct, Defendant and its agents violated New York Law by intentionally and wrongfully touching, grabbing, slamming and dragging plaintiff without his consent and thereby committing a battery against him, and by intentionally and wrongfully placing plaintiff in fear of imminent harmful and/or offensive conduct and thereby committing an assault against him.

### AS AND FOR PLAINTIFF'S NINTH CAUSE OF ACTION AGAINST DEFENDANT FOR AIDER AND ABETTOR LIABILITY UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

41. Plaintiff incorporates paragraphs 1-40 as if fully rewritten herein.

42. By and through their course of conduct, defendant is liable as an aider and abettor pursuant to §296 (6) et seq. of the New York State Human Rights Law for condoning and/or acquiescing and/or failing to take appropriate action regarding the unlawful discrimination, harassment and retaliation based on plaintiff's race, color, disability, retaliation and Labor Law violations.

### AS AND FOR PLAINTIFF'S TENTH CAUSE OF ACTION AGAINST DEFENDANT FOR AIDER AND ABETTOR LIABILITY UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

43. Plaintiff incorporates paragraphs 1-42 as if fully rewritten herein.

44. By and through their course of conduct, defendant is liable as an aider and abettor under the New York City Human Rights Law pursuant to §8-101 et seq for condoning and/or acquiescing and/or failing to take appropriate action regarding the unlawful discrimination, harassment and retaliation based on plaintiff's race, color, disability, retaliation and Labor Law violations.

### AS AND FOR PLAINTIFF'S ELEVENTH CAUSE OF ACTION AGAINST DEFENDANT FOR RETALIATION UNDER NEW YORK STATE LABOR LAW.

45. Plaintiff incorporates paragraphs 1-44 as if fully rewritten herein.

46. By and through their course of conduct, Defendant and its agents violated the New York State Labor Law, §§ 215 et seq. by retaliating against plaintiff and terminating his employment due to his complaints to his employer about his wages not being paid.

### AS AND FOR PLAINTIFF'S TWELFTH CAUSE OF ACTION AGAINST DEFENDANT FOR VIOLATIONS OF NEW YORK STATE LABOR LAW

47. Plaintiff incorporates paragraphs 1-46 as if fully rewritten herein.

48. By and through their course of conduct, Defendant and its agents violated the New York State Labor Law §§ 190 et seq. by unlawfully withholding plaintiff's pay without his consent, and not for his benefit.

49. Other than this lawsuit, there is no other complaint pending with any administrative agency or court regarding these events.

8

50. Pursuant to and as required by §8-502 of the New York City Human Rights Law Plaintiff has also served a copy of this complaint upon the City Commission on Human Rights and Corporation Counsel of the City of New York.

51. As required by New York State Labor Law § 215 et. seq., notice hereof has been served upon the Attorney General of the State of New York.

**WHEREFORE**, the Plaintiff prays that this Court:

(a) accepts jurisdiction over this matter;

(b) impanels and charges a jury with respect to the causes of action; and,

(c) awards the following damages against Defendant:

i. Back pay, front pay, other monetary damages, and all benefits along with pre and post judgment interest in the amount of one million dollars ($1,000,000.00);

ii. Punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments in the amount of ten million dollars ($10,000,000.00);

iii. Attorneys' fees, costs, and expenses as provided for by applicable statutes; and,

iv. Any other relief which this Court deems just and equitable.

Dated: Roslyn, New York
       November 1, 2007

                                            Respectfully Submitted,
                                            THE LAW FIRM OF
                                            LOUIS GINSBERG, P.C.

                               By: _____
                                    Louis Ginsberg (LG 1048)
                                    Attorneys for Plaintiff
                                    1613 Northern Boulevard
                                    Roslyn, New York 11576
                                    (516) 625-0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CLIFFORD FOSTER, JR.,

                Plaintiff,

-against-

HARD ROCK CAFÉ, INC,

                Defendant.

SUMMONS AND COMPLAINT

The Law Firm of Louis Ginsberg P.C.
1613 Northern Boulevard
Roslyn, NY 11576
(516) 625-0105

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------ X

CLIFFORD FOSTER, JR.,

                Plaintiff,

    - against -

HARD ROCK CAFE, INC.

                Defendant.

------------------------------------------------------------ X

Index No. 114837/07

**NOTICE THAT NOTICE OF REMOVAL HAS BEEN FILED**

TO:    THE HONORABLE CLERK OF THE SUPREME COURT OF
         OF THE STATE OF NEW YORK, COUNTY OF NEW YORK
         New York County Supreme Courthouse
         60 Centre Street
         New York, New York 10005

TO:    Louis Ginsberg, Esq.
         The Law Firm of Louis Ginsberg, P.C.
         1613 Northern Boulevard
         Roslyn, New York 11576

         PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant Hard Rock Cafe International (USA) Inc. (incorrectly sued herein as Hard Rock Cafe, Inc.) has filed the attached Notice of Removal with the United States District Court for the Southern District of New York on December 24, 2007, and removed the above action from this Court to the United States District Court for the Southern District of New York.

Dated:  New York, New York
           December 24, 2007

                                      GREENBERG TRAURIG, LLP

                                      By: _____
                                          Brian S. Cousin

                                      200 Park Avenue
                                      New York, New York 10166
                                      Tel: (212) 801-9200
                                      Fax: (212) 801-6400
                                      Attorneys for Defendants
                                      Hard Rock Cafe International (USA) Inc.

NY 238,619,706v1 12/21/2007