UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CLIFFORD FOSTER, JR.,

                Plaintiff,

- against -

HARD ROCK CAFÉ
INTERNATIONAL (USA), INC.
                Defendant.
------------------------------------------------------------------ x

Case No. 07 CV 11559
(RMB)(HB)

**ANSWER WITH AFFIRMATIVE DEFENSES**

      Defendant Hard Rock Cafe International (USA) Inc. ("Defendant"), hereby responds and answers the Amended Complaint (the "Complaint") of Clifford Foster, Jr. ("Plaintiff") as follows:

## NATURE OF ACTION

      1.    Defendant denies the allegations in paragraph 1 of the Complaint, except admits that the Complaint purports to bring this action based upon claimed race, color, and disability harassment and discrimination, violation of New York State Labor Law, retaliation and assault and battery.

## PARTIES

      2.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

      3.    Defendant admits the allegations contained in paragraph 3 of the Complaint.

## FACTS

      4.    Defendant denies the allegations contained in paragraph 4 of the Complaint, except admits that Plaintiff began his employment with Defendant on or about September 12, 2006.

NY 238,627,108v2 2/6/2008

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint; except admits that Plaintiff occasionally led memorabilia tours at the Café.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint, except admits that Plaintiff's rate of pay was $10.00 per hour.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11, except admits that Plaintiff spoke with Pamela Gikas concerning his rate of pay in or about May 2007.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 15 of the Complaint. The second sentence of paragraph 15 of the Complaint sets forth legal conclusions, which Defendant is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint, except admits that, following an incident where Plaintiff was observed eating while working, in violation of Company rules, Plaintiff informed Defendant that he had diabetes. Defendant further states that it then requested a medical certification of Plaintiff's condition to allow Defendant to provide him with a reasonable accommodation with regard to said rules, if necessary, which medical certification was never provided to Defendant.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint, except admits that Plaintiff received a disciplinary warning for eating while working in violation of Company rules, and thereafter did Plaintiff advise Defendant of his medical condition.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint, except admits that Plaintiff received a disciplinary warning for leaving his post without notifying any colleagues or supervisors.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint, except admits that Plaintiff received a disciplinary warning for insubordination on or about August 7, 2007 after shouting at his supervisor, Yuri Kulischenko.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint, except admits that Plaintiff's employment with Defendants was terminated on August 8, 2007.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint, except admits that following Plaintiff's termination of employment, he returned to the Café with the police, who then escorted Plaintiff off of Defendant's property.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. As and for its response to paragraph 27, Defendant hereby incorporates as though fully set forth herein its responses to paragraphs 1 through 26 of Plaintiff's Complaint, above.

28. Paragraph 28 of the Complaint sets forth legal conclusions, which Defendant is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

29. As and for its response to paragraph 29, Defendant hereby incorporates as though fully set forth herein its responses to paragraphs 1 through 28 of Plaintiff's Complaint, above.

30. Paragraph 30 of the Complaint sets forth legal conclusions, which Defendant is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

31. As and for its response to paragraph 31, Defendant hereby incorporates as though fully set forth herein its responses to paragraphs 1 through 30 of Plaintiff's Complaint, above.

32. Paragraph 32 of the Complaint sets forth legal conclusions, which Defendant is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

33. As and for its response to paragraph 33, Defendant hereby incorporates as though fully set forth herein its responses to paragraphs 1 through 32 of Plaintiff's Complaint, above.

34. Paragraph 34 of the Complaint sets forth legal conclusions, which Defendant is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

35. As and for its response to paragraph 35, Defendant hereby incorporates as though fully set forth herein its responses to paragraphs 1 through 34 of Plaintiff's Complaint, above.

36. Paragraph 36 of the Complaint sets forth legal conclusions, which Defendant is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

37.  As and for its response to paragraph 37, Defendant hereby incorporates as though fully set forth herein its responses to paragraphs 1 through 36 of Plaintiff's Complaint, above.

38.  Paragraph 38 of the Complaint sets forth legal conclusions, which Defendant is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

39.  As and for its response to paragraph 39, Defendant hereby incorporates as though fully set forth herein its responses to paragraphs 1 through 38 of Plaintiff's Complaint, above.

40.  Paragraph 40 of the Complaint sets forth legal conclusions, which Defendant is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

41.  As and for its response to paragraph 41, Defendant hereby incorporates as though fully set forth herein its responses to paragraphs 1 through 40 of Plaintiff's Complaint, above.

42.  Paragraph 42 of the Complaint sets forth legal conclusions, which Defendant is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

43.  As and for its response to paragraph 43, Defendant hereby incorporates as though fully set forth herein its responses to paragraphs 1 through 42 of Plaintiff's Complaint, above.

44.  Paragraph 44 of the Complaint sets forth legal conclusions, which Defendant is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

45.  As and for its response to paragraph 45, Defendant hereby incorporates as though fully set forth herein its responses to paragraphs 1 through 44 of Plaintiff's Complaint, above.

46. Paragraph 46 of the Complaint sets forth legal conclusions, which Defendant is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

47. As and for its response to paragraph 47, Defendant hereby incorporates as though fully set forth herein its responses to paragraphs 1 through 46 of Plaintiff's Complaint, above.

48. Paragraph 48 of the Complaint sets forth legal conclusions, which Defendant is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

49. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. The allegations contained in paragraph 51 of the Complaint set forth legal conclusions, which Defendants is not required to answer. To the extent that an answer is required, Defendant denies the allegations.

## SEPARATE AND AFFIRMATIVE DEFENSES

Without assuming the burden of proof, Defendant asserts the following separate or affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each purported claim for relief therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(No Liability)

Defendant did not commit any wrongful act against Plaintiff. Accordingly, Defendant is not responsible for any alleged damages to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

(Mitigation of Damages)

Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to mitigate his losses, if any. As a result, the claims Plaintiff has alleged against Defendant are reduced, excused, and/or discharged.

## FOURTH AFFIRMATIVE DEFENSE

(Lack of Causation)

Any damages to which Plaintiff may be found to be entitled to in this action were not directly or proximately caused, in whole or in part, by Defendant, and must be decreased to the extent the acts or omissions of Plaintiff or any third party were a cause of those damages.

## FIFTH AFFIRMATIVE DEFENSE

(Punitive Damages)

Plaintiff is not entitled to an award of punitive or exemplary damages in this action. Such an award would be an unconstitutional breach of Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution, under *State Farm v. Campbell*, and the safeguards provided under the Constitution of the State of New York. Further, as to punitive damages under the New York State Human Rights Law, such an award is explicitly prohibited under New York State Law.

## SIXTH AFFIRMATIVE DEFENSE

(Reasonableness and Good Faith of Defendant)

The claims of Plaintiff are barred by the fact that Defendant acted reasonably and in good faith at all times relevant herein, based on the relevant facts and circumstances known by Defendant at the time Defendant so acted.

## SEVENTH AFFIRMATIVE DEFENSE

(Disproportionate Damages)

Defendant alleges that the statutory damages, punitive damages, and attorney's fees and costs sought by Plaintiff are so disproportionate to the actual harm that such recovery is barred by law.

## EIGHTH AFFIRMATIVE DEFENSE

(Reservation of Additional Defenses)

Defendant reserves the right to assert and rely upon such other and further defenses as may be supported by the facts to be determined by full and complete discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by this action;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief;

4. That Defendant recover its costs and attorneys' fees in this proceeding; and

5. For such other and further relief as the Court deems just and proper.

| | |
|---|---|
| DATED: February 7, 2008 | **GREENBERG TRAURIG, LLP**<br><br>By: _____<br>Jerrold F. Goldberg (JG-7471)<br>Lauren B. Tanen (LT-7144)<br><br>MetLife Building<br>200 Park Avenue<br>New York, New York 10168<br>(212) 801-9354<br><br>Attorneys for Defendant<br>Hard Rock Café International (USA) Inc. |